UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

FRANKIE CORTES,

               Plaintiff,

      -against-

THE CITY OF NEW YORK and
NEW YORK CITY DEPARTMENT OF
CORRECTIONS, DEPUTY WARDEN
DIANE CARN, Individually and in her Official
Capacity as Deputy Warden of Administration,
Vernon C. Bain Center, NEIL SCHULMAN,
Individually and in his Official Capacity as
Deputy Warden for Administration, Vernon
C. Bain Center, RICHARD PALMER JR.,
Individually and in his Official Capacity
as Warden, Vernon C. Bain Center, and SADIE
SMITH, Individually and in her Official Capacity
as Correction Officer, shield number 1893,

               Defendants.
----------------------------------------------------------X

CIVIL ACTION NO.

**08 CV 4805**

VERIFIED COMPLAINT

PLAINTIFF DEMANDS A TRIAL
BY JURY

Plaintiff, FRANKIE CORTES, by his attorney Timothy P. Devane, Esq.,

complaining of the defendants, alleges as follows, upon information and belief:

## I

## JURISDICTION AND VENUE

1.    This action is brought to remedy discrimination on the basis of sex and race

and in retaliation for the exercise of rights in violation of Title VII of the 1964 Civil

Rights Act, as amended, 42 U.S.C. §2000 et seq., 42 U.S.C. §1981a, 42 U.S.C. §1983, 42

U.S.C. §1985, and the First and Fourteenth Amendments to the United States

Constitution.  Jurisdiction is based on 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §§1331 and

1343(3)(4).

2.    Supplemental jurisdiction pursuant to 28 U.S.C. §1367 is sought to remedy

discrimination on the basis of sex and race and in retaliation for the exercise of rights in

violation of New York Executive Law, §290 et seq. and New York City Administrative

Code, §8-101, et seq.

3.      Injunctive and declaratory relief, damages, attorneys fees and other appropriate

legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(g) and (k), 42 U.S.C.

§1988, New York State Executive Law, §297(9), and New York City Administrative

Code, §8-502.

4.      As the defendants' headquarters are in and many of the unlawful practices

complained of herein occurred within the Southern District, venue is proper in this

District pursuant to 42 U.S.C. §2000e-5(f)(3) and 29 U.S.C. §1391(b).

II

## DETERMINATION BY THE U.S. EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION

5.      The United States Equal Employment Opportunity Commission, in response to

Plaintiff's request for a Right to Sue, determined that issuing a Right to Sue letter was

warranted without making a determination as to the merits.  Enclosed please find the

determinations of the United States Equal Employment Opportunity Commission as

Exhibit "A".

III

## PARTIES

6.      Plaintiff was employed by the defendants THE CITY OF NEW

YORK and NEW YORK CITY DEPARTMENT OF CORRECTIONS as a Corrections

Officer and had worked for the defendants since approximately 1988 until the date of his

unlawful termination on February 22, 2007.

7.     Plaintiff FRANKIE CORTES is a resident of the State of New York, County of Westchester. Plaintiff had previously resided in the State of New York, County of Bronx during the course of his employment.

8.     Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS is an agency of the Defendant THE CITY OF NEW YORK. Defendant THE CITY OF NEW YORK is a municipal corporation employing thousands of persons and engaged in providing correctional facilities for prisoners and criminal defendants. Defendant THE CITY OF NEW YORK maintains offices at 100 Church Street, 4th Floor, County of New York, State of New York.

9.     Defendant DEPUTY WARDEN DIANCE CARN was the Deputy Warden of Administration for the Vernon C. Bain Center, which supervises Corrections Officers assigned to Bronx Criminal Court, when the First, Second and Third causes of action occurred.

10.    Defendant NEIL SCHULMAN, was the Deputy Warden for Administration for the Vernon C. Bain Center, which supervises Corrections Officers assigned to Bronx Criminal Court, when the Fourth, Fifth and Sixth causes of action occurred.

11.    Defendant RICHARD PALMER JR. was and still is the Warden for Vernon C. Bain Center, which supervises Corrections Officers assigned to Bronx Criminal Court.

12.    Defendant SADIE SMITH, Shield number 1893, was a Corrections Officer assigned to Bronx Criminal Court when the Fourth, Fifth and Sixth causes of action occurred, and also served as EEO representative for the Bronx Criminal Court.

13.    Defendants THE CITY OF NEW YORK and NEW YORK CITY

DEPARTMENT are employers within the meaning of Title VII, 42 U.S.C. §2000(e)(b),
the Human Rights Law §292(5) and the Administrative Code §8-102(5).

14.     The employees of Defendants THE CITY OF NEW YORK and NEW YORK
CITY DEPARTMENT OF CORRECTIONS, Diane Carn, Deputy Warden of
Administration, Neil Schulman, Deputy Warden for Administration, and Richard Palmer,
Jr., Warden for Vernon C. Bain Center, were supervisors of plaintiff and acted at all
relevant times vicariously on behalf of the employer.

15.     The employee of defendants THE CITY OF NEW YORK and NEW YORK
CITY DEPARTMENT OF CORRECTIONS, Sadie Smith, Corrections Officer, was
also designated an EEO representative  and as such acted at all times vicariously on
behalf of the employer.

IV

FACTUAL ALLEGATIONS COMMON TO
THE FIRST, SECOND AND THIRD
CAUSES OF ACTION

16.     On or about February 22, 2007 Plaintiff was terminated from his employment as a
New York City Corrections Officer.  This termination was the culmination of an
administrative proceeding, in which defendants upheld the determination of the
Administrative Law Judge.  Administrative Law Judge Faye Lewis issued a decision
finding that Plaintiff FRANKIE CORTES should be terminated from his employment as
a Corrections Officer.

17.     Plaintiff had previously filed an action in the Southern District of New York for
his claim of discrimination on the basis of sex on July 16, 2004.  That litigation was still
pending when Plaintiff learned of the Administrative Law Judge's decision to

recommend termination of Plaintiff's employment. Plaintiff was a decorated New York City Corrections Officer who had little or no disciplinary record prior to filing complaints of discrimination. Plaintiff had been a Corrections Officer since 1988. Plaintiff is a decorated officer who received the second-highest award in the New York City Department of Corrections, an Honorable Mention, for thwarting an armed robbery while off-duty.

18.     Plaintiff was involved in an incident on June 21, 2002 in which he was assaulted by Corrections Officers Sadie Smith and Sheena Thompson at his assigned post at the Bronx Criminal Court. As a result of that incident Plaintiff, rather than being treated as a victim of a criminal assault, was not permitted to bring criminal charges against his assailants, and on July 9, 2002 was informed that he was being transferred from the Bronx Criminal Court to Riker's Island.

19.     Plaintiff pursued administrative grievances and filed charges with the Equal Employment Opportunity Commission and filed an action in the United States District Court, Southern District of New York against The City of New York and New York City Department of Corrections, claiming retaliation and discrimination on the basis of his sex, Docket Number 04 CV 5556. Since that time, Plaintiff was put "on the wheel", harassed and written up for fabricated and/or exaggerated charges.

20.     During the course of that litigation, Plaintiff began to experience new forms of retaliation and hostile work environment by his new supervisors at The City of New York correctional facility Vernon C. Bain Center, in particular Deputy Warden Diane Carn, Deputy Warden of Administration for the facility. On at least one occasion, Plaintiff was informed by Deputy Warden Carn that she was aware of his litigation. Plaintiff took

these comments to mean that he could expect harsh treatment in retaliation for pursuing

this litigation.  Plaintiff also came to learn that another Corrections Officer overheard

Deputy Warden Carn state about Plaintiff that "Officer Cortes, I've got something for his

ass", or words to that effect.  Corrections Officers Thompson and Smith, who were

named in the complaint filed in the Southern District, are African-American, as is Deputy

Warden Carn.  Plaintiff came to believe that based on the discriminatory treatment

received by Deputy Warden Carn, that his treatment was due to hostility towards Plaintiff

for filing a lawsuit claiming discrimination, in addition to his sex and race as a Hispanic.

21.     During the course of the litigation, Plaintiff was then brought up on administrative

charges for the circumstances of his attendance of the funeral of a man who was a father

figure to Plaintiff, on or about May 3, 2005.  Although this man was not Plaintiff's

actual father, Plaintiff viewed him as a member of his extended family, and wished to

attend his funeral in Ohio.  Plaintiff's supervisors viewed this circumstance as an

opportunity to fabricate charges that he was avoiding having to take a drug test, although

Plaintiff has no history of taking drugs or failing drug tests for the previous 17 years of

service at the time, and Plaintiff had not been informed that he was scheduled for a drug

test.  Additional charges included alleged false statements Plaintiff made in response to

demands for statements made in reference to this incident.  Additionally, Deputy Warden

Carn circulated a memo, allegedly in violation of Department procedures, specifically

stating that Plaintiff not be entitled to grievance leave under any circumstances.

22.     Plaintiff claims that his treatment over the above-described matter constituted

retaliation for being the plaintiff in a pending federal action because other correction

department employees who were not involved in litigation with The City of New York

over the terms of their employment, who wished to attend funerals of family members or

close friends would be simply allowed to attend the funeral without being investigated an

accused of engaging in illegal activities.  Plaintiff also claims that Deputy Warden Carn

scrutinized his request and came to unsubstantiated conclusions about his motives for

attending the funeral due to his race and sex, in that similar requests from employees

from female and/or African –American employees would not be similarly scrutinized by

her.  Furthermore, Plaintiff's explanations were then scrutinized for any possible

misstatement, whether intentional or not, and used against him in his administrative

proceeding, which was not done to other corrections employees who were not suing The

City of New York over the terms of their employment.

23.     As a result of the administrative hearing that followed, Plaintiff was suspended

for 60 days.  Although Plaintiff viewed that punishment as retaliation for pursuing his

legal claims, he was nevertheless willing to settle his pending litigation matter and serve

his suspension without complaint, in the hope that he could be permitted to simply

perform his job, the actual performance of which he received little or no criticism.

However, Plaintiff was then subjected to additional charges by the defendants regarding

matters which had already been brought up in his prior administrative proceeding and

considered by the administrative judge in the decision to suspend Plaintiff for 60 days, or

involved older alleged incidents that the defendants were previously aware of and chose

not to take action on at the time and in the first administrative proceeding.  However,

once defendants learned that Plaintiff was only being suspended for 60 days, defendants

elected to bring additional charges.  The defendants intentionally brought additional

administrative charges to complete their retaliatory mission to terminate Plaintiff for

electing to bring claims of discrimination against The City of New York, in violation of

Plaintiff's civil rights and due process rights.

24.     Based on this second administrative proceedings, the administrative law judge

recommended termination of plaintiff's employment in a decision dated January 22,

2007. Since that time plaintiff has been informed that the New York City Department of

Correction has upheld that decision and plaintiff was officially terminated from his

employment on or about February 22, 2007. At the time of termination, Plaintiff was

approximately one year away from his earliest eligibility for retirement based on 20

years' service. Plaintiff appealed the decision of the defendants to the Civil Service

Commission, which was denied.

25.     As a result of this discharge, Plaintiff lost salary, retirement and pension

benefits, loss of medical benefits, loss of promotion opportunity and normal pay raises,

financial difficulties including the denial of a mortgage due to lack of sufficient income,

mental anguish and emotional distress.

26.     Plaintiff contends that the plaintiff was retaliated against for proceeding with

litigation against the defendants for claims of discrimination and retaliation, which were

still pending during the course of the administrative proceeding. Plaintiff contends that

Deputy Warden Diane Carn retaliated against Plaintiff by subjecting him to a hostile

work environment and bringing him up on false and/or exaggerated charges which

ultimately resulted in his dismissal.

27.     Defendants were deliberately indifferent to the Plaintiff's complaints.

Defendants' continued acquiescence, retaliation, action or inaction amounted to a policy

or custom of toleration of unlawful retaliation and discrimination on the basis of sex and

race.

28.     Defendants have failed to effectively train its employees about preventing

unlawful retaliation and discrimination on the basis of sex and race, or about

investigating or disciplining unlawful retaliation and discrimination on the basis of sex

and race.

29.     Defendants' custom or policy of refusing to effectively investigate complaints of

unlawful retaliation and discrimination on the basis of sex and race or to discipline

offenders guilty of unlawful retaliation and discrimination on the basis of sex and race

amounted to deliberate indifference on the part of the defendants.

30.     Defendants' retaliation of plaintiff is based on its policy of punishing employees

who seek legal recourse for their grievances and a hostility to equal treatment of Hispanic

and male employees.

31.     Defendants' failure to effectively investigate and remedy unlawful retaliation and

discrimination on the basis of sex and race is based on hostility to employees' who seek

legal redress and discrimination against Hispanics and males.

32.     Based on the foregoing, the defendants have allowed a pattern or practice of

unlawful retaliation and discrimination on the basis of sex and race to exist which has

subjected Plaintiff to an abusive or hostile discriminatory environment based on

Plaintiff's status as a litigant, and based on sex and race, and also resulted in Plaintiff's

termination.

V

FIRST CAUSE OF ACTION

33.     In unlawfully terminating plaintiff, defendants have unlawfully retaliated against

plaintiff for pursuing his claims of a hostile work environment and discrimination in federal court, and have discriminated against plaintiff on the basis of his race and sex, in violation of Title VII of the Civil Rights Act.  Defendants intentionally, willfully, and without justification, acted to deprive plaintiff, based on his status as a litigant in a court proceeding, and on the ground of his race and sex, of his rights, privileges and immunities, particularly his right to be free of discrimination on the basis of his race and sex in the workplace and his right to oppose and complain of discrimination against himself on the basis of his sex and race.  Defendants have a duty to provide and ensure a workplace for Plaintiff and other Hispanic and male employees, free of innuendo on the basis of race, intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect him and other Hispanic and male employees from a hostile or abusive work environment and retaliation for exercising protected rights.

34.     The defendants, despite knowledge and adequate opportunity to learn of the misconduct of their agents, subordinates and employees, adopted, approved and ratified these acts, omissions and misconduct.

35.     Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits, sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

36.     That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00), or an amount to be determined at trial that

exceeds the jurisdictional limitations of all lower courts.

VI

SECOND CAUSE OF ACTION

37.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if more fully set forth herein.

38.     Defendants have discriminated against Plaintiff on the basis of his sex and race and in retaliation for asserting rights protected by the U.S. Constitution in violation of the First and Fourteenth Amendments of the United States Constitution in violation of the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983, and 42 U.S.C. §1985. All defendants have a duty to provide and ensure a workplace for Plaintiff and other Hispanic and male employees, or employees who have pending litigation matters in which the employee is claiming violation of antidiscrimination laws, free of intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect him and other male and Hispanic employees, or employees who have made claims of discrimination, from a hostile or abusive work environment and retaliation for exercising protected rights.

39.     Defendants, by their conduct herein alleged, intentionally, willfully, and without justification, deprived Plaintiff on grounds of his sex and race, and/or his status as a litigant claiming that he suffered from discrimination, of his rights, privileges and immunities secured by the Constitution and the laws of the United States, including but not limited to his rights to equal protection of laws provided by the Fourteenth Amendment, and his right to free speech provided by the First Amendment in violation of

42 U.S.C. §1983 and 42 U.S.C. §1985.

40.    Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits, sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

41.    That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00), or an amount to be determined at trial that exceeds the jurisdictional limitations of all lower courts.

VII

THIRD CAUSE OF ACTION

42.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    That this action falls within one or more of the exemptions set forth in CPLR §1602.

44.    That prior hereto on April 20, 2007 and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the Plaintiff's behalf on the New York City Comptroller's Office and that thereafter said Comptroller refused or neglected for more than thirty (30) Days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

45.     That a 50H hearing was not requested by the defendant THE CITY OF NEW YORK and is therefore deemed waived.

46.     In wrongfully terminating plaintiff, defendants have unlawfully retaliated against plaintiff for filing a previous claim of employment discrimination and for discriminating against plaintiff in the workplace on the basis of his race and sex in violation of New York Executive Law, §290 et seq. and New York City Administrative Code, §§8-101 et seq.

47.     Defendants have discriminated against plaintiff on the basis of his sex and race and in retaliation for his opposition and complaint of discrimination directed at him based on his sex and race, and intentionally, willfully and without justification, acted to deprive him, on the grounds of his sex and race, his rights, privileges and immunities, particularly of his right to be free of harassment based on his status as a litigant against his employer and to be free of discrimination on the basis of his sex and race, and his right to oppose and complain of harassment on the basis of his sex and race and discrimination against himself, based on his sex and race.  Defendants have a duty to provide and ensure a workplace for Plaintiff and other male and Hispanic employees free of innuendo, intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect him and other male Hispanic employees from a hostile or abusive work environment and retaliation for exercising protected rights.

48.     The defendants, despite knowledge and adequate opportunity to learn of the misconduct of the agents, supervisors and employees, adopted, approved and ratified these acts, omissions and misconduct.

49.     Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of

promotion opportunity, loss of pay raises, loss of employee benefits, sick time, health

benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and

humiliation as a result of defendants' discriminatory practices unless and until this Court

grants relief.

50.     That as a result of the foregoing, plaintiff has been damaged in the amount of

FIVE MILLION DOLLARS ($5,000,000.00), or an amount to be determined at trial that

exceeds the jurisdictional limitations of all lower courts.

VIII

FACTUAL ALLEGATIONS COMMON
TO THE FOURTH, FIFTH AND SIXTH
CAUSES OF ACTION

51.     Plaintiff repeats and realleges the allegations set forth in paragraphs numbered

"1" through "50" with the same force and effect as if fully set forth herein.

52.     Plaintiff learned of the decision of the Administrative Law Judge recommending

termination of his employment as the trial date for his pending federal action was

approaching.  Since future litigation over the recommended termination appeared likely,

and since the plaintiff and defendant could not expect to adjourn the trial date after there

already had been previous adjournments of court deadlines, the parties agreed to stipulate

to dismiss the filed action without prejudice, on or about February 12, 2007.  Plaintiff in

this complaint is refilling those claims , presented in the following paragraphs word for

word as presented in the first filing.  Enclosed as Exhibit "B' is a copy of the signed

Stipulation.

53.     Plaintiff had worked for the defendants for over fifteen years at the time of the

incident.  After serving in various posts, including Riker's Island, Plaintiff was assigned

to work in the Bronx Criminal Court. Plaintiff considered this assignment a favorable

one, a "preferred command" assignment and one which he had earned after his years of

service. Plaintiff had worked at the Bronx Criminal Court for approximately four years

prior to his unlawful transfer.

54.     Plaintiff was a witness to an incident involving another Corrections Officer,

Frank Kumpan, and Corrections Officer Sadie Smith on May 7, 2002, which resulted in

an EEO Complaint that was filed by Corrections Officer Kumpan. Plaintiff was a

witness in support of said EEO Complaint. Upon information and belief, Corrections

Officer Sadie Smith was the EEO representative for the criminal court officers at the

time.

55.     On June 21, 2002, plaintiff was suddenly assaulted, without provocation or

justification, by Corrections Officers Sadie Smith and Sheena Thompson. These female

Corrections Officers are both approximately over six feet tall and weigh approximately

over 200 pounds. The assault took place at the Rear Go Back area, room 315B Post of

the Bronx Criminal Court.

56.     After the assault, Plaintiff was immediately taken to the hospital. After

Plaintiff was released from the hospital, he was taken to the Vernon C. Bain Center,

a detention center located at 1 Halleck Street, Bronx, New York, because Neil

Schulman, Deputy Warden for Administration for Bronx Detention Center, wanted to

speak to him. Deputy Schulman asked Plaintiff what he wanted done about the situation,

and Plaintiff informed him that he wanted the Corrections Officers who assaulted him to

be arrested. Plaintiff was told by Deputy Schulman that in order to have them arrested

Plaintiff needed to put it as a written request to the Warden. Plaintiff then wrote to

Warden Richard Palmer, Jr. pursuant to Department of Corrections Rules and

Regulations 3.05.190, requesting that the said Corrections Officers be arrested for

assaulting him. The result of that request was that Plaintiff's request was denied, and

Plaintiff was then required to write a report on whether he was wearing his vest, which

was written on July 9, 2002, the same date he was notified that he would be transferred,

and was asked to write a report regarding an allegation that he was playing loud music on

April 9, 2002, which was more than two months prior to the assault.

57.     Plaintiff was then notified in writing on July 9, 2002 that he was to be

transferred on July 10, 2002 to Riker's Island, which Plaintiff considered a step

backwards in his career and a punishment for protecting his rights as a victim of a crime.

This transfer was approved by Warden Richard Palmer, Jr. Plaintiff learned that Sadie

Smith was able to retire, was not arrested for the incident, and received a "good guy

letter", which allows her to continue to carry a gun and is a letter she can use for future

employment. Meanwhile, Sheena Thompson was transferred to the Manhattan Criminal

Courts Building, which is considered a favorable assignment.

58.     Plaintiff then filed an EEO Complaint on August 7, 2002 with New York City

Department of Corrections' EEO office. This complaint was not resolved to Plaintiff's

satisfaction.

59.     Plaintiff contends that the plaintiff was retaliated against for complaining of

the assault, while the female Corrections Officers who assaulted him were treated

favorably. Plaintiff contends that Deputy Schulman influenced the decision to transfer

Plaintiff due to his close relationship with Corrections Officer Sadie Smith. Plaintiff

contends that he is the victim of discrimination based on his gender for the way he was

punished for being the victim of an attack by two female corrections officers.

Furthermore, since Sadie Smith was the EEO representative, and her attack of Plaintiff

was triggered by his status as a witness to an EEO complaint, her actions were violative

of his civil rights and her position of influence prevented Plaintiff from having his rights

protected. Finally, since he was first required to write reports about subjects beyond this

assault, plaintiff contends that his supervisor Deputy Schulman retaliated against him for

bringing this matter to his attention, since it involved his close friend Corrections Officer

Sadie Smith.

60.     Defendants were deliberately indifferent to the Plaintiff's complaints.

Defendants' continued acquiescence, retaliation, action or inaction amounted to a policy

or custom of toleration of sex discrimination and unlawful retaliation.

61.     Defendants have failed to effectively train its employees about preventing

sex discrimination and unlawful retaliation or about investigating or disciplining

sex discrimination and unlawful retaliation.

62.     Defendants' custom or policy of refusing to effectively investigate complaints

of sex discrimination and unlawful retaliation or to discipline offenders guilty of

sex discrimination and unlawful retaliation amounted to deliberate indifference on the

part of the defendant.

63.     Defendants' retaliation of plaintiff is based on sex and a hostility to equal

treatment of male employees.

64.     Defendants' failure to effectively investigate and remedy sex discrimination and

unlawful retaliation is based on sex discrimination and causes a chilling of male

employees' protected rights.

65.     Based on the foregoing, the defendants have allowed a pattern or practice of sex discrimination and unlawful retaliation to exist which has subjected Plaintiff to an abusive or hostile discriminatory environment based on sex.

IX

FOURTH CAUSE OF ACTION

66.     Plaintiff repeats and realleges the allegations set forth in paragraphs numbered "1" through "65" with the same force and effect as if more fully set forth herein.

67.     Defendants have discriminated against plaintiff on the basis of his sex and in retaliation for his opposition to sex discrimination against him, and for being a witness in an EEO complaint, in violation of Title VII of the Civil Rights Act.  Defendants intentionally, willfully, and without justification, acted to deprive plaintiff, on the ground of his sex, of his rights, privileges and immunities, particularly of his right to be free of sex discrimination in the workplace and his right to oppose and complain of sex discrimination and his right to be a witness in an EEO complaint.  Defendants have a duty to provide and ensure a workplace for Plaintiff and other male employees, and other witnesses of EEO complaints, free of intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect him and other male employees, or other EEO witnesses, from a hostile or abusive work environment and retaliation for exercising protected rights.

68.     The defendants, despite knowledge and adequate opportunity to learn of the misconduct of their agents, subordinates and employees, adopted, approved and ratified these acts, omissions and misconduct.

69.     Plaintiff has and will continue to suffer irreparable injury, loss of promotion

opportunity, loss of pay raises, additional expenses and inconveniences associated with

his retaliatory transfer, psychological trauma, mental anguish and humiliation as

a result of defendants' discriminatory practices unless and until this Court grants relief.

70.     That as a result of the foregoing, plaintiff has been damaged in the amount of

FIVE MILLION DOLLARS ($5,000,000.00).

X

FIFTH CAUSE OF ACTION

71.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

numbered "1" through "70" of the complaint with the same force and effect as

if more fully set forth herein.

72.     Defendants have discriminated against Plaintiff on the basis of sex and in

retaliation for asserting rights protected by the U.S. Constitution in violation of the First

and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983, and 42

U.S.C. §1985.  All defendants have a duty to provide and ensure a workplace for Plaintiff

and other male employees, or witnesses to EEO complaints, free of intimidation,

discriminatory animus and retaliation, and to enforce the rules, regulations and laws

necessary to protect him and other male employees, or witnesses to EEO complaints,

from a hostile or abusive work environment and retaliation for exercising protected

rights.

73.     Defendants, by their conduct herein alleged, intentionally, willfully, and without

justification, deprived Plaintiff on grounds of his sex, and/or his status as a witness to an

EEO complaint, of his rights, privileges and immunities secured by the Constitution and

the laws of the United States, including but not limited to his rights to equal protection of

laws provided by the Fourteenth Amendment, and his right to free speech provided by the

First Amendment in violation of 42 U.S.C. §1983 and 42 U.S.C. §1985.

74.     Plaintiff has and will continue to suffer irreparable injury, loss of promotion

opportunity, loss of pay raises, additional expenses and inconveniences associated with

his retaliatory transfer, psychological trauma, mental anguish and humiliation as

a result of defendants' discriminatory practices unless and until this Court grants relief.

75.     That as a result of the foregoing, plaintiff has been damaged in the amount of

FIVE MILLION DOLLARS ($5,000,000.00).

XI

SIXTH CAUSE OF ACTION

76.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

numbered "1" through "75" of the complaint with the same force and effect as

if more fully set forth herein.

77.     Defendants have discriminated against plaintiff in the workplace on the basis

of his sex in violation of New York Executive Law, §290, et seq. and New York City

Administrative Code, §§8-101 et seq.

78.     Defendants have discriminated against plaintiff on the basis of his sex and in

retaliation for his opposition and complaint of sex discrimination directed at him, and

intentionally, willfully and without justification, acted to deprive him, on the grounds of

his sex, his rights, privileges and immunities, particularly of his right to be free of

sex discrimination and unlawful retaliation in the workplace and his right to oppose and

complain of sex discrimination and unlawful retaliation against himself.  Defendants have

a duty to provide and ensure a workplace for Plaintiff and other male employees free of

intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect him and other male employees from a hostile or abusive work environment and retaliation for exercising protected rights.

79.    The defendants, despite knowledge and adequate opportunity to learn of the misconduct of the agents, supervisors and employees, adopted, approved and ratified these acts, omissions and misconduct.

80.    Plaintiff has and will continue to suffer irreparable injury, loss of promotion opportunity, loss of pay raises, additional expenses and inconveniences associated with his retaliatory transfer, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

81.    That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment: (a) declaring that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. §1983, 42 U.S.C. §1985, the First and Fourteenth Amendments, New York Executive Law and New York City Administrative Code;

(b) enjoining and permanently restraining these violations of Title VII, 42 U.S.C. §1983, 42 U.S.C. §1985, the First and Fourteenth Amendments, New York Executive Law and New York City Administrative Code;

(c) directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and to not continue to affect plaintiff's employment opportunities, including allowing the Plaintiff transfer back to his previous

position at Bronx Criminal Court;

(d) awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII and 42 U.S.C. §1988;

(e) directing defendants to pay plaintiff compensatory damages and damages for loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits, sick time, health benefits, pension, vacation time, loss of seniority, psychological trauma, mental anguish and humiliation associated with his termination from employment in the First Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00), or an amount to be determined at trial that exceeds the jurisdictional limitations of all lower courts.

(f) directing defendants to pay plaintiff compensatory damages and damages for loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits, sick time, health benefits, pension, vacation time, loss of seniority, psychological trauma, mental anguish and humiliation associated with his termination from employment in the Second Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00), or an amount to be determined at trial that exceeds the jurisdictional limitations of all lower courts.

(g) directing defendants to pay plaintiff compensatory damages and damages for loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits, sick time, health benefits, pension, vacation time, loss of seniority, psychological trauma, mental anguish and humiliation associated with his termination from employment in the Third Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00), or an amount to be determined at trial that exceeds the jurisdictional limitations of all

lower courts.

(h) directing defendants to pay plaintiff compensatory damages and damages for lost promotional opportunities, lost pay raises, additional expenses and inconveniences associated with his retaliatory transfer, psychological trauma, mental anguish and humiliation in the Fourth Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(i) directing defendants to pay plaintiff compensatory damages and damages for lost promotional opportunities, lost pay raises, additional expenses and inconveniences associated with his retaliatory transfer, psychological trauma, mental anguish and humiliation in the Fifth Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(j) directing defendants to pay plaintiff compensatory damages and damages for lost promotional opportunities, lost pay raises, additional expenses and inconveniences associated with his retaliatory transfer, psychological trauma, mental anguish and humiliation in the Sixth Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(k) directing defendant to pay punitive damages and granting such other and further relief as this Court deems necessary and proper.

DEMAND FOR A TRIAL BY JURY

Pursuant to 42 U.S.C. §1981A and Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        May 22, 2008

Yours, etc.

Timothy P. Devane (TD 8903)
Attorney at Law
Attorney for Plaintiff
FRANKIE CORTES
204 West 84th Street
New York, New York 10024
(212) 877-8594

EXHIBIT A

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: **Frankie Cortes**<br>**15 Cliff Street**<br>**Yonkers, NY 10701** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2008-00407** | **Peter Holland,**<br>**Investigator** | **(212) 336-3781** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**Director**

4/22/08
*(Date Mailed)*

cc: **NYC DEPARTMENT OF CORRECTION**
**Investigator Lombardi**
**60 Hudson Street, 6th Floor**
**New York, NY 10013**

**Timothy P. Devane, Esq.**
**204 West 84th Street**
**New York, NY 10024**



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5059 5159

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

April 19, 2004

Mr. Frankie Cortes
1183 Gerard Ave. #10 E
Bronx, NY  10452

Re:  EEOC Charge Against New York City, Dept. of Corrections, et al.
     No. 160200301582

Dear Mr. Cortes:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc:  New York District Office, EEOC
     New York City, Dept. of Corrections, et al.

# EXHIBIT B

NYC LAW DEPARTMENT        Fax:212-788-8877          Feb 12 2007  17:39        P. 02

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

FRANKIE CORTES,

                                          Plaintiff,

            -against-

THE CITY OF NEW YORK AND NEW YORK
CITY DEPARTMENT OF CORRECTION, NEIL
SCHULMAN, Individually and in his Official
Capacity as Deputy Warden for Administration,
Vernon C. Bain Center, RICHARD PALMER, JR.,
Individually and in his Official Capacity as Warden,
Vernon C. Bain Center, and SADIE SMITH,
Individually and in her Official Capacity as
Correction Officer, shield number 1893,

                                          Defendants.

------------------------------------------------------------------------X

**STIPULATION AND ORDER
OF DISCONTINUANCE**

04 CV 5556 (HBP)

        **IT IS HEREBY STIPULATED AND AGREED** that the above-captioned action is

hereby dismissed, without prejudice, and without costs, expenses, or fees to any party.

Dated:       New York, New York
             February 12, 2007

**LAW OFFICES OF TIMOTHY P. DEVANE**
Attorneys for Plaintiff
204 West 84th Street
New York, NY 10024
(212) 877-8594

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-117
New York, New York 10007
(212) 788-0956

By: _____
        TIMOTHY P. DEVANE (TD 6903   )

By: _____
        CINDY E. SWITZER (CS 1112)
        Assistant Corporation Counsel

SO ORDERED:

_____
HENRY PITMAN, USMJ

## VERIFICATION

TIMOTHY P. DEVANE, an attorney duly admitted to practice law before the Southern
District of New York, affirms the following to be true under the penalty of perjury:

     I am the attorney of record for the Plaintiff FRANKIE CORTES in the proceeding
herein.  I have read the annexed

## COMPLAINT

know the contents thereof, and the same are true to my knowledge, except those matters
therein which are stated to be alleged upon information and belief, and as to those matters
I believe them to be true.  My belief, as to those matters therein not stated upon
knowledge, is based upon facts, records, and other pertinent information contained in my
files, provided to me by the Plaintiff.

     The reason this Verification is made by me and not Plaintiff is that
Plaintiff is not presently in the county wherein the attorney for the Plaintiff maintains
his offices.

Dated:  New York, New York
       May 22, 2008

                                   TIMOTHY P. DEVANE (TD 8903)